**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  HARD ROCK EXPLORATION, INC.

        Debtor.

DUANE YOST, et al.,

        Appellants,

v.                                                  CIVIL ACTION NO.  2:20-cv-00276

THE HUNTINGTON NATIONAL BANK, et al.,

        Appellees.

**ORDER**

Pending before this Court is an appeal of a March 31, 2020 Order from the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Court") that authorized the dismissal of mutual claims between the Huntington National Bank ("Huntington") and Hard Rock Exploration, Inc.; Caraline Energy Company; Brothers Realty, LLC; Blue Jacket Gathering, LLC, and Blue Jacket Partnership Hard (collectively, the "Debtors") and dismissed the Debtors as parties from two adversary proceedings, Case Nos. 17-mp-02001and 18-ap-02005 ("March 31, 2020 Order").  For the reasons explained more fully herein, the decision of the Bankruptcy Court is **AFFIRMED**.

1

### I. Background

This action is an appeal from the Bankruptcy Court's March 21, 2020 Order in the Debtors' Chapter 11 bankruptcy proceeding and corresponding dismissals of the Debtors from several related actions. Each related case and the relevant parties involved will be discussed in turn below. In the interest of expediency, the Court shall set forth only the relevant facts for the determination of this appeal.

#### A. The Parties

The Debtors are independent oil and gas development companies that have operated a natural gas exploration production and sales business in West Virginia since 2003. (*See* ECF No. 4-25 at p. 4.) The Debtors have developed over 350 miles of pipeline systems to gather and transport production from over 380 oil and gas wells in West Virginia and Virginia. (*See* ECG No. 13 at p. 3.) Huntington provided a number of loans to the Debtors and "held a first lien against virtually all of the Debtors' assets, including all cash." (ECF No. 13 at p. 4.)

Duane Yost, James Stephens, Jr., Monica Francisco, and Gregory Laughlin (collectively, the "Appellants" or "Objectors") were principals and shareholders of the Debtors, (ECF. No. 8-10 at ¶ 3), and guaranteed the Debtors' obligations to Huntington, (*See* ECF No. 8-10 at ¶¶ 12-13).

The Bankruptcy Court appointed Robert Leasure, Jr. as the Chapter 11 Trustee (the "Trustee") for the Debtors' Chapter 11 Bankruptcy matters. (ECG No. 4-59.) The Trustee and Huntington oppose the Appellants' attempt to appeal the Bankruptcy Court's March 31, 2020 Order and will be referred to, collectively, as the Appellees.

*B. The Adversary Proceedings*

On March 21, 2016, the Debtors and Appellants commenced a lawsuit against Huntington and Chad Prather in the Circuit Court of Monongalia County, Civil Action No. 16-C-171. (ECF No. 8-10.) The claims were premised on issues related to lender liability—including but not limited to—claims for fraud, deceit, interferences with prospective business advantage, breach of contract, and economic duress. (*Id*. at 18-25.) On September 8, 2017, Huntington removed this case to the United States Bankruptcy Court for the Northern District of West Virginia. (ECF No. 8-1.) Then, on November 9, 2017, this case was transferred from the District Court for the Northern District of West Virginia to the United States Bankruptcy Court for the Southern District of West Virginia.[1] (ECF No. 8-34.) This transfer occurred following the filing of Debtors' Chapter 11 bankruptcy proceedings. This case was docketed as Adversary Proceeding No. 17-mp-02001 (the "Appellants' Adversary Proceeding"). (ECF No. 8-34.)

On March 23, 2016, Huntington filed a lawsuit against the Debtors and the Appellants in the Northern District of West Virginia, Civil Action No. 16-cv-00048. (ECF Nos. 4-68, 7-1.) The allegations in this case were based on an alleged breach of contract stemming from a series of loans that Huntington made to the Debtors and Appellants. (ECF Nos. 4-68, 7-1.) Huntington removed this lawsuit to the Bankruptcy Court on February 21, 2018, and the Bankruptcy Court docketed it as Adversary Proceeding No. 18-ap-02005 (the "Huntington Adversary Proceeding" and collectively with the Appellants' Adversary Proceedings, the "Adversary Proceedings"). (*See* ECF No. 4-68.)

---

[1] The Debtors' Chapter 11 bankruptcy matters will be discussed in more detail later in subsection (C).

3

### C. *The Bankruptcy Proceeding*

On September 5, 2017, the Debtors filed for Chapter 11 bankruptcy relief. (*See* ECF No. 4-1.) Then, on October 10, 2017, the Court granted Debtors' request for joint administration and designated Civil Action No. 17-bk-20459 as the lead case (the "Bankruptcy Case"). (ECF No. 4-23.) As previously noted, the Huntington Adversary Proceeding was transferred to the Bankruptcy Court in February 2018, and the Shareholders' Adversary Proceeding was transferred to the Bankruptcy Court in November 2017. (*See* ECF Nos. 4-68, 8-34.) Thus, by early 2018, the Bankruptcy Case and both Adversary Proceedings were pending before the Bankruptcy Court.[2]

### D. *The Final Stipulation and Order Authorizing Use of Cash Collateral*

After being appointed as Trustee of the Debtors' Chapter 11 bankruptcy matters, on January 3, 2018, (ECF No. 4-59), the Trustee unsuccessfully requested that the Bankruptcy Court reconsider certain points of its memorandum opinion in the Bankruptcy Case that was entered on December 18, 2017, (*See* ECF No. 4-75). The Trustee appealed the denial of this reconsideration to the District Court. (*Id.*) While that appeal was pending, the Trustee filed his Motion for Approval of Final Stipulation and Order Authorizing Use of Cash Collateral ("Motion for Approval of Final Stipulation"). (ECF No. 4-80.) More specifically, the Motion for Approval of Final Stipulation[3] was filed on April 23, 2018. (*Id.*)

---

[2] Several months later, on April 23, 2018, the Bankruptcy Court entered an Order that stayed the Adversary Proceedings through September 8, 2018. (ECF No. 7-11.) This stay of the Adversary Proceedings was later continued through May 1, 2019 to permit the sale process in the Bankruptcy Case to continue. (ECF No. 7-15.)

[3] One of the primary purposes of the Trustee's pursuit of a final stipulation was to "resolve most, if not all, of the issues between the Trustee and HNB, existing at this time, including close asserted in the pending related adversary proceedings[.]" (ECF No. 4-80 at ¶ 4.)

4

On that same day, the Trustee's counsel sent an email to Appellants' counsel that included the Motion for Approval of Final Stipulation. (ECF No. 4-103 at ¶ 27.) Then, on April 25, 2018, Appellants' and Trustee's respective attorneys had a telephone call to discuss the Motion for Approval of Final Stipulation. (*See id.* at ¶ 28.) Ultimately, after no objections were filed, the Bankruptcy Court entered the Final Stipulation and Order Authorizing Debtors to Use Cash Collateral and to Provide Adequate Protection Pursuant to Sections 381 and 363 of the Bankruptcy Code on May 6, 2018 (the "Final Stipulation). (*See* ECF No. 4-81.)

Under this Final Stipulation, the Trustee could access cash collateral pursuant to a budget, and Huntington's liens would be retained as collateral. (ECF No. 4-81.) The Final Stipulation—to which no objections were made—approved the following pertinent terms:

- The use of cash collateral through January 2019, (*see id.* at ¶ 27);

- Carve outs for payments of the Debtors' professionals (prior to the Trustee's appointment), professionals of the Official Committee of Unsecured Creditors, the fees of the Trustee, and the fees of the Trustee's professionals, (*see id.* at ¶¶ 9-12);

- The release of all claims and defenses of the Debtors against Huntington, (*id.* at ¶¶ 10, 20), and a covenant by Debtors not to sue Huntington (*id.* at ¶ 20);

- Clarifications regarding a prior bankruptcy court order that addressed the extent of Huntington's liens on the Debtor's assets (*id.* at pp. 3, 16);[4] and

- The dismissal of the Debtors as parties from the Adversary Proceedings, (*id.* at ¶ 21).

---

[4] These clarifications were to result in the dismissal of the Trustee's pending appeal of this order and freeing up additional funds for distribution to unsecured creditors. (ECF No. 4-81 at ¶¶ 15, 21.)

5

(*See generally id.*)  As previously mentioned, the Appellants received copies of the Motion for Approval of Final Stipulation and did not object to the proposed Final Stipulation at that time.  (*See* ECF No. 4-103 at ¶¶ 27-28.)  The Final Stipulation was ultimately finalized on May 6, 2018, when the Official Committee of Unsecured Creditors (the "Committee") approved of, and entered into, the Final Stipulation with the Trustee and Huntington.  (*See* ECF No. 4-81.)  At this time, the Appellants did not appeal or object to the approval of the Final Stipulation.

### E.  The Motions to Dismiss

Pursuant to the terms of the Final Stipulation, on May 14, 2019, the Trustee and Huntington filed Joint Motions to Dismiss in the Adversary Proceedings ("Motions to Dismiss").  (ECF Nos. 7-16, 8-47.)  Then, for the first time, the Appellants objected to these proposed dismissals and filed written objections in both the Adversary Proceedings and the Bankruptcy Case. (ECF Nos. 4-96, 4-97, 4-99, 4-103, 7-17, 7-18, 7-21, 8-48, 8-49, 8-52.)  In response, the Trustee filed Motions to Strike the Appellants' objections in the Adversary Proceedings and the Bankruptcy Case.  (ECF No. 4-98, 7-19, 8-50.)  The Bankruptcy Court heard arguments on the Motions to Dismiss, Appellants' objections to the Motions to Dismiss, and the Motions to Strike the Appellants' objections.  (*See* ECF No. 4-1024).  Post-hearing briefing was completed on August 7, 2019.  (ECF Nos. 7-24, 7-25, 7-26, 7-27, 7-28, 8-57, 8-58, 8-59, 8-60.)  After fully considering the arguments before it, the Bankruptcy Court ultimately struck the Appellants' objections, granted the Motions to Strike, and granted the Motions to Dismiss.  (ECF Nos. 4-118 at p. 13, 7-31 at p. 13, 8-63 at p. 13.)

In coming to these conclusions, the Bankruptcy Court found that vacating the Final Stipulation was a necessary prerequisite for challenging the Motions to Dismiss, and that Rule

6

60(b) of the Federal Rules of Civil Procedure governed whether the Final Stipulation could be set aside. (ECF No. 4-118 at pp. 11-12.) Ultimately, the Bankruptcy Court determined that, under Rule 60, the Appellants failed to timely object to the substance or procedure of the Final Stipulation as the Appellants did not voice any such objections until more than a year after the approval of the Final Stipulation. (ECF No. 4-118 at pp. 12-13.) The Final Stipulation was approved on May 6, 2018, (ECF No. 4-81), but the first objection to the Final Stipulation was not filed until May 21, 2019, which Appellant Duane Yost filed in response to the Motions to Dismiss, (ECF Nos. 4-96, 7-17, 8-48). Shortly thereafter, the other Appellants joined Duane Yost's initial objections. (ECF Nos. 4-97, 4-99, 7-18, 7-21, 8-49, 8-52.)

While the Appellants' delay in objecting to the Final Stipulation was the primary rationale for striking the Appellants' objections to the Motions to Dismiss, the Bankruptcy Court also found that the facts and arguments presented did not provide a sufficient foundation to employ Rule 60(b)(6), the catch-all provision. (ECF Nos. 4-118 at p. 13, 7-31 at p. 13, 8-63 at p. 13.) Accordingly, the Bankruptcy Court ordered that the filed objections be stricken, Motions to Strike be granted, and Motions to Dismiss be granted. (ECF Nos. 4-118 at p. 13, 7-31 at p. 13, 8-63 at p. 13.) The Appellants now appeal these findings of the Bankruptcy Court.

## II.    Legal Standard

As this is an appeal from the Bankruptcy Court, this Court is acting as an appellate court, and, in doing so, tasked with reviewing the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.,* 400 F.3d 219, 224 (4th Cir.2005); *In re Kielisch,* 258 F.3d 315, 319 (4th Cir. 2001); *see also In re Modanlo,* 266 F.App'x 272, 274 (4th Cir. 2008) (per curium) (unpublished decision) ("In a bankruptcy appeal, we review

the bankruptcy court's decision directly, applying the same standard of review as did the district court. … Under this standard, we review legal conclusions de novo and factual findings for clear error.").

As it specifically pertains to this case, the appeal of the Bankruptcy Court's March 31, 2020 Order amounts to a request that this Court review the Bankruptcy Court's denial of a motion to vacate the Final Stipulation. The Final Stipulation must be vacated before a challenge can be made to the Bankruptcy Court's March 31, 2020 grant of the Debtors' Motions to Dismiss as the Final Stipulation is the document that authorizes the dismissals to which the Appellants now object. (*See* ECF No. 4-81.) In other words, the appeal of the Bankruptcy Court's March 31, 2020 Order is a request that this Court review the Bankruptcy Court's refusal to vacate the Final Stipulation pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

A bankruptcy judge's decision regarding whether to modify or vacate a final order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is reviewed for abuse of discretion. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F. 3d 295, 299 (4th Cir. 2017); *Rahmi v. United States*, No. 3:17-CV-105, at *1 (N.D.W.Va. Feb. 22, 2018); *Sheehan v, Warner,* No. 1:13-cv-165, 2014 WL 838741, at *2 (N.D.W.Va. March 4, 2014). Accordingly, this Court reviews the Bankruptcy Court's denial of the Appellants' Rule 60(b) request to vacate the Final Stipulation for an abuse of discretion.

"At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp.*

8

*Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir.2008) (citation omitted). In other words, "[t]he 'deference that is the hallmark of abuse-of-discretion review,' *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143, (1997), is deference enough to appreciate reasonable disagreement." *Id.*

### III.    Analysis

As an initial matter, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 158(a).  Oral argument is deemed unnecessary as the facts and legal arguments are adequately presented in the briefs and record.  *See* Fed. R. Bankr. P. 8019(b)(3).  The decisional process would not be significantly aided by oral argument.  *See id.*

#### A. The Appellants' Statement of Issues

In making this appeal, the Appellants articulate ten issues that they have with the Bankruptcy's Courts decisions.  (ECF No. 12.)  First, the Appellants contend that the Bankruptcy Court erred by not requiring that they be given formal notice of the filing of the Motion for Approval of Final Stipulation and by not holding a hearing on the same.  (*Id.* at p. 6.)  Second, the Appellants argue that the Bankruptcy Court erred by prematurely granting the Motion for Approval of Final Stipulation.  (*Id.* at p. 6.)  Third, the Appellants believe the Bankruptcy Court "erred when it gave preclusive effect to the Motion and Stipulation of May 6, 2018 regarding the Appellants' claims in the two related adversary proceedings against [Huntington] after entering *Agreed Order For Continued Stay of Adversary Proceedings*[.]"  (*Id.* at p. 7.)  Fourth, the Appellants contend that the Motions to Dismiss filed by Huntington and the Trustee were untimely under the Final Stipulation.  (*Id.* at p. 7.)

9

Fifth, the Appellants argue that the Bankruptcy Court erred when it struck their objections to the Motions to Dismiss and granted the Motions to Dismiss without holding a hearing. (*Id.* at p. 7.) Sixth, the Appellants ask that this Court find that that the Bankruptcy Court erred by determining that their objections were untimely when the Motions to Dismiss were filed "105 days after the stipulation termination or 'benchmark date' contained in paragraph 27 of the [Final Stipulation]." (*Id.* at p. 7.) Seventh, the Appellants contend in general that the Bankruptcy Court erred by failing to grant them the relief they sought under Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.* at p. 7.)

Eighth, the Appellants argue that the "Bankruptcy Court erred when it failed to require the Trustee and [Huntington] to present evidence establishing that the Debtors received commensurate value for Debtors' claims and counterclaims presented in the two related adversary proceedings against [Huntington] in exchange for the [Final Stipulation]." (*Id.* at p. 7-8.) Ninth, the Appellants claim that the Bankruptcy Court "erred by failing to grant Rule 60(b) relief" because they received verbal assurances from the Trustee that the Final Stipulation would not prejudice or adversely affect their claims or status in the case and state that they were kept out of the settlement negotiations. (*Id.* at p. 8.) Finally, the tenth issue raised by the Appellants is that they believe the Bankruptcy Court erred by failing to give them adequate notice, failing to provide them with a meaningful and timely hearing, and failing to consider the "premature and unlawful approval" of the Final Stipulation in violation of the Fifth and Fourteenth Amendment. (*Id.* at p. 8.)

The Appellees dispute these substantive and procedural claims made by the Appellants and believe the Bankruptcy Court correctly determined that the Appellants' objections were untimely

and, thus, properly struck. (*See* ECF No. 17.) The Appellees argue that the untimeliness of the Appellants' objections to the Final Stipulation precludes all other arguments raised by the Appellants in this appeal. (ECF No. 17 at p. 18.)

Per their stated issues, the Appellants' clearly seek a review of the Bankruptcy Court's refusal to vacate the Final Stipulation pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Appellants provide a variety of reasons they believe the Bankruptcy Court erred in refusing to sustain their objections to the Motions to Dismiss and otherwise failed to provide them with their desired relief. However, these issues all boil down to the Appellants' belief that their substantive and procedural rights were violated by the Bankruptcy Court's entry of the Final Stipulation and subsequently granting of the Motions to Dismiss. With that being said, if this Court finds that the Bankruptcy Court did not abuse its discretion in refusing to vacate the Final Stipulation at least, in part, due to the tardiness of the Appellants' objections to the Final Stipulation, then the Appellants remaining arguments are rendered moot. Accordingly, this Court's will first address whether it finds that the Bankruptcy Court abused its discretion in refusing to vacate the Final Stipulation and striking the Appellants' objections.

B. *The Final Stipulation*

This Court's review of the Bankruptcy Court's refusal to vacate is guided by Rule 60(b) of the Federal Rules of Civil Procedure. *See Wells Fargo Bank, N.A.*, 859 F. 3d at 299; *Rahmi*, at *1; *Sheehan*, at *2. A request to vacate an order that is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is evaluated in two steps. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, the movant must meet all three threshold conditions: (1) the motion

must be timely; (2) the movant must show that he has a meritorious defense to the action; and (3) the opposing party would not be prejudiced by having the judgment set aside.[5] *Id.* at 264–65 (citing *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987)).

The second step is only reached if the three threshold conditions are met. *Id.* If the three threshold conditions are met, then the movant "must satisfy one of the six enumerated grounds for relief under Rule 60(b)" in order to be relieved from a final order. *Id.* at 266. The six reasons for which a final order may be vacated are as follows: "(1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

In examining the threshold conditions, the Bankruptcy Court exercised its discretion in refusing to vacate its Final Stipulation when it determined that the Appellants' objections to the Final Stipulation were untimely when they were filed more than a year after the entry of the May 6, 2018 Order. (ECF No. 4-118 at p. 13.) This Court will only disturb that finding if it determines that the Bankruptcy Court abused its discretion in coming to that conclusion.

    *i. Stage 1 of Rule 60(b) Analysis*

As it pertains to timeliness, Appellants' primary argument is that their objections cannot be deemed untimely when the Motions to Dismiss were filed "105 days after the stipulation termination or 'benchmark date' contained in paragraph 27 of the [Final Stipulation]."[6] (*Id.* at p.

---

[5] A fourth threshold showing, "exceptional circumstances," is sometimes noted, *see, e.g., Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984).

[6] Per the March 31, 2020 Order, the Bankruptcy Court indicates that, during the briefings and hearing on the Motions to Dismiss, the Appellants argued that they failed to file their objections to the Final Stipulation in the Bankruptcy

7.) However, this argument is convoluted as the Appellants' ability to file a motion for relief from the Final Stipulation, that clearly contemplated the Motions to Dismiss, was in no way dependent on or impacted by the "benchmark date" in the Final Stipulation. (*See* ECF Nos. 4-81 at ¶ 27, 4-101 at 34:4-13.)[7] Regardless, this Court is not tasked with determining the validity the Appellants' argument. Rather, this Court must determine whether the Bankruptcy Court abused its discretion when it refused to vacate the Final Stipulation that was, in part, premised on the dismissals sought in the Motions to Dismiss.

Under Rule 60, "the movant bears the burden of showing timeliness." *Mosses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (citing *Werner v. Carbo*, 731 F.2d 204, 2016-07 & n. 1 (4th Cir 1984)). Rule 60 expressly states that any motion for relief from a judgment, order, or proceeding must be made "within a reasonable time". Fed. R. Civ. P. 60(c). Moreover, if the motion is invoking Rule 60(b)(1), (2), or (3) then the motion cannot be filed "more than one year after the judgment, order, or proceeding was entered or taken."[8] *See Amoco Overseas Oil Co. Compagnie Nationale Algerienne de Navigation*, 459 F.Supp 1242 (S.D.N.Y. 1978) (finding that the court did not have the power to consider a Rule 60(b)(1) motion filed one year and two days after the judgment was entered).

---

Case sooner because of the stays in the Adversary Proceedings. (ECF No. 4-118 at p. 13.) However, the Appellants do no raise that argument on appeal, and, thus, it will not be discussed herein.

[7] This "benchmark date" in the Final Stipulation merely controlled the cash collateral provision in the Final Stipulation—not the entire Final Stipulation. (*See* ECF Nos. 4-81 at ¶ 27, 4-101 at 34:4-13.)

[8] There are exceptions to this one year cap, but generally a court only has the discretion to relieve a party from a final judgment, order, or proceeding if the motion for relief is filed within a year of the judgment, order, or proceeding. *See Radack v. Norwegian American Line Agency, Inc.*, 318 F.2d 538 (2d Cir. 1963) (noting that the one year limitation may not apply if the party that moved for relief under Rule 60 did not receive notice of the entry of judgment until more than a year after the dismissal order was entered).

More specifically, the Fourth Circuit recognizes that a court acts within its discretion when it rules that Rule 60(b) motion is well beyond the bounds of reasonable time when the movant waits more than a year to bring the motion. *See Mosses*, 815 F.3d 163; *see also Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995).

Accordingly, this Court finds that the Bankruptcy Court did not abuse its discretion in determining that the Appellants failed to meet their burden to establish that their objections to the Final Stipulation were timely. After receiving no objections to the Motion for Approval of the Final Stipulation or the proposed Final Stipulation, the Bankruptcy Court approved the Final Stipulation on May 6, 2018. (ECF No. 4-81.) The Final Stipulation included language that the Debtors would release all claims and defenses against Huntington and that the Debtors would be dismissed as parties from the Adversary Proceedings. (*See* ECF No. 4-81 at ¶¶ 10, 20-21.) In other words, the Final Stipulation expressly contemplated the Motions to Dismiss that are the impetus for this appeal, and the Appellants did not object to these contemplated dismissals until more than a year after the entry of the Final Stipulation. (*See id.*)

Any argument the Appellants make or attempt to make that is premised on the notion that they did not have notice of the contents of the Final Stipulation is contradicted by the record.[9] Counsel for Appellants received the Motion for Approval of the Final Stipulation via an email from Trustee's counsel on the same day it was filed. (ECF No. 4-103 at ¶ 27.) Then, two days later, Appellants' counsel had a telephone conversation with Trustee's counsel to discuss concerns regarding certain portions of the proposed Final Stipulation. (*See* ECF No. 4-103 at ¶ 27.) The

---

[9] The Appellants seem to allude to such an argument in their Statement of Issues, so this Court will briefly address this contention. (ECF No. 12 at p. 6.)

14

record on appeal shows that Appellants' had ample notice of the contents of the Motion for Approval of the Final Stipulation and the proposed Final Stipulation. (*See* ECF No. 4-103 at ¶¶ 27-28.)  Thus, the Appellants knew (or at least had access to) the content of the Final Stipulation, including the planned dismissals, more than a year before they lodged any objections to the Final Stipulation. (*See* ECF No. 4-103 at ¶¶ 27-28.)

The Appellants did not object to the Final Stipulation, which contained the framework for the dismissals that the Appellants are now contesting, until after the Trustee filed the Motions to Dismiss. (*See* ECF No. 4-81.)  These first objections were filed on May 21, 2019, (ECF Nos. 4-96, 7-17, 8-48)—380 days after the approval of the Final Stipulation, which occurred on May 6, 2018. (*See* ECF No. 4-81.)  The Bankruptcy Court found that Appellants "stated no justifiable basis for their inexcusable delay" in filing their objections to the content of the Final Stipulation. (ECF No. 4-118 at p. 13.)  Accordingly, the Bankruptcy Court premised its refusal to vacate the Final Stipulation on Appellants' failure to timely object to the Final Stipulation. (*Id.*)

This Court finds that the Bankruptcy Court did not abuse its discretion by refusing to vacate its Final Stipulation under Rule 60 of the Federal Rules of Civil Procedure.  The Appellants received the Final Stipulation and were aware of its contents but failed to object to the Final Stipulation's provisions for the Motions to Dismiss until more than a year after the Final Stipulation's finalization and approval.  The Bankruptcy Court acted well within its discretion in finding that the Appellants' attempt to unwind the Final Stipulation was untimely.  This Court does not specifically address the remaining issues enumerated by the Appellants as they are subsumed by the untimeliness of the Appellants' objections. *See Nat'l Credit Union Admin. Bd.*, 1 F.3d at

266 (noting that the second stage of a Rule 60(b) analysis is only reached if the three threshold conditions are met in their entirety).

## IV.    Conclusion

Based on the findings herein, this Court **ORDERS** that the Bankruptcy Court's March 31, 2020 Order that authorized the dismissal of mutual claims between Huntington and the Debtors and dismissed the Debtors as parties from the Adversary Proceedings be **AFFIRMED**.  In light of this ruling, this Court **ORDERS** that the Motion to Dismiss filed by the Official Committee of Unsecured Creditors Motion (ECF No. 3) and the Appellees' Joint Motion to Dismiss (ECF No. 13) be **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    December 8, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE